OPINION OF THE COURT
Anthony F. Shaheen, J.
*1035 The court heard oral argument on October 12, 2005 concerning Mr. Grifasi’s application for a judicial subpoena duces tecum directing the Rome City School District to produce all videotapes and/or audiotapes depicting the altercation which was the subject of Mr. Grifasi’s disciplinary hearing on March 31, 2005. At that time, the court reserved decision, and requested the School District’s counsel to submit information as to whether Hearing Officer Donald E. Budmen, Esq. saw the videotape in question at any time.
The court has now received an affidavit from Hearing Officer Donald E. Budmen, Esq. stating that it was his understanding that a School District videotape captured images of Mr. Grifasi and other students involved in an altercation on March 28, 2005, along with other students who were in the vicinity of the altercation. Hearing Officer Budmen states that he did not at any time, either before or after the hearing, view this tape. Rather, he asserts that his decision to recommend Mr. Grifasi’s suspension for the remainder of the 2004-2005 school year was based solely on the testimony of a district teacher, the testimony of Mr. Grifasi including his admission to striking a fellow student, and the documentary evidence introduced at the hearing. The court has also reviewed the letter from counsel for the School District in support of the School District’s position that this videotape constitutes an educational record which they are prohibited from disclosing, as well as the letter from Mr. Grifasi’s counsel wherein she reiterates Mr. Grifasi’s position that this tape is not an educational record within the meaning of the federal Family Educational Rights and Privacy Act of 1974 (FERPA) and that in any event the tape has already been disclosed to various entities including the Rome Police Department.
The court has again reviewed the submissions of the parties on this application, and has given due consideration to the parties’ respective arguments at motion term. After due deliberation, the court renders the following decision:
The School District is correct that FERPA does not provide for a private right of action; rather, it provides federal government funding will be cut off if there is a violation of FERPA. In the application before this court, Mark J. Grifasi, Jr. is not commencing a private action against the School District for money damages; rather, he is petitioning this court for the release of the videotape for purposes of appealing the School District’s determination to suspend him for the balance of the 2004-2005 school year.
*1036 It is uncontested that Mark Grifasi, Jr. was involved in an incident at Rome Free Academy, and that he and a number of other students were recorded on a School District video camera. The School District admits that this videotape was viewed by a number of persons including officials of the School District as part of their investigation of this altercation, members of the Rome Police Department who used it as evidence to commence a criminal proceeding against Mark in Rome City Court, the School District’s counsel, and prior counsel for Mr. Grifasi, Jr. who filed a notice of claim on his behalf. Now, after disclosing this videotape to these several persons, the School District opposes Mr. Grifasi’s application for a judicial subpoena duces tecum on the grounds that FERPA prohibits disclosure of this videotape under threat of the School District losing federal funding. The court finds the School District’s arguments to be unpersuasive.
On the particular facts before this court, the School District’s interest in protecting the confidentiality of school records must be weighed against the due process rights of Mark Grifasi, Jr. who is appealing his suspension after a superintendent’s hearing. Under the provisions of the federal Family Educational Rights and Privacy Act of 1974, “education records” are defined as “records, files, documents, and other material which . . . contain information directly related to a student”; and such “education records” do not include “records maintained by a law enforcement unit of the educational agency or institution that were created by that law enforcement unit for the purpose of law enforcement” (see 20 USC § 1232g [a] [4] [A] [i]; [B] [ii]). A “law enforcement unit” means
“any individual, office, department, division, or other component of an educational agency or institution . . . that is officially authorized or designated by that agency or institution to . . .
“[e]nforce any local, State or Federal law, or refer to appropriate authorities a matter for enforcement of any local, State or Federal law against any individual . . .
“[or one that is officially authorized to] [m]aintain the physical security and safety of the agency or institution” (see 34 CFR 99.8 [a] [1] [i], [ii]).
This federal statute is intended to protect records relating to an individual student’s performance. FERPA is not meant to apply to records, such as the videotape in question which was rec *1037 orded to maintain the physical security and safety of the school building and which does not pertain to the educational performance of the students captured on this tape (see Culbert v City of New York, 254 AD2d 385 [2d Dept 1998]). Clearly, the videotape in question is not an “educational record” within the meaning of FERPA.
The court is mindful of the opinion of the Family Policy Compliance Office dated February 10, 2004, which is cited by the School District. However, in that case, the petitioner’s child was the only student pictured fighting in that videotape and the Compliance Office opined that the parent had a right to view that tape. The Compliance Office further opined that if another student is pictured fighting in the videotape, then petitioner would not have the right to inspect that portion of the videotape. Where, as here, Mark Grifasi, Jr. and other students are apparently on the same portion of the videotape, this court must balance the respective rights of the parties, and after so doing, the court finds that Mr. Grifasi’s due process rights must outweigh the School District’s interest in protecting any claimed confidentiality of this tape. The School District’s stated concern about losing federal funding is without merit, since the School District will now be releasing this videotape upon specific court order by way of a judicial subpoena duces tecum, not by way of a voluntary disclosure as was previously done by the School District.
For the reasons stated, the application of Mark J. Grifasi, Jr. for a judicial subpoena duces tecum is granted.