IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Easton Area School District,                :
                           Appellant        :
                                            :
        v.                                  :  No. 1897 C.D. 2017
                                            :  Argued: June 4, 2018
Rudy Miller and The Express Times           :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: July 20, 2018

        Easton Area School District (School District) appeals an order of the
Court of Common Pleas of Northampton County (trial court) granting a request
under the Right-to-Know Law[1] for a school bus surveillance video.  In doing so, the
trial court affirmed the determination of the Office of Open Records (OOR) that the
recording, which depicts a school teacher roughly disciplining a student on the
school bus, was disclosable.  The School District contends that the video is an
exempt public record because its disclosure will lead to a loss of federal funding;
provides information on discipline, demotion or discharge of an agency employee;
and was admitted as evidence at an arbitration proceeding.  For the following
reasons, we affirm the trial court.

## Background

        On February 21, 2017, Rudy Miller, on behalf of The Express Times
(Requester), submitted a written request to the School District, which stated in
pertinent part:

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

As per Pennsylvania's right-to-know law I'm requesting information in connection with an incident on a school bus outside Paxinosa Elementary School, which is temporarily located in the rear of Easton Area Middle School in Forks Township. It's come to my attention that elementary school teacher Aaron Dufour disciplined a child roughly on a school bus in front of the school on the morning of Feb. 8, 2017; Feb. 9, 2017; or Feb. 10, 2017. It's my understanding he grabbed a child and "slammed" him down in a bus seat. It's my understanding that Mr. Dufour has either been suspended or terminated as a result of this incident.

***

It's my understanding that each school bus is outfitted with a security camera. I would like a copy of the surveillance video if any exists that captured this incident involving Mr. Dufour on the school bus in front of Paxinosa Elementary School on either Feb. 8, Feb. 9 or Feb. 10, 2017.

Reproduced Record at 9a (R.R. __). The written request also sought information about Dufour's employment status and his annual salary.

The School District denied the request for the stated reason that disclosure of the video would imperil federal funding and, thus, it was exempt under Section 708(b)(1)(i) of the Right-to-Know Law, 65 P.S. §67.708(b)(1)(i). Requester appealed to the OOR. The School District contended that disclosure of the video would violate the federal Family Educational Rights and Privacy Act (Privacy Act), 20 U.S.C. §1232g, and, therefore, result in a loss of federal funding. Alternatively, the School District argued that the video recording was exempt under Section 708(b)(7)(viii) of the Right-to-Know Law, 65 P.S. §67.708(b)(7)(viii), because the video was used "in the pending action to discipline, demote or discharge [] Dufour." R.R. 15a. In support, the School District submitted an affidavit of John Castrovinci, its human resources director and open records officer, which stated that Dufour was

the subject of a disciplinary proceeding pending with the School Board and that the video had been admitted into evidence in that proceeding.

## OOR's Final Determination

On May 24, 2017, the OOR issued a final determination partially granting Requester's appeal. It held that the exemption under Section 708(b)(1)(i) of the Right-to-Know Law was inapplicable because the video was not an "education record" within the meaning of the federal Privacy Act. The OOR did not address whether the exemption under Section 708(b)(7)(viii) of the Right-to-Know Law for information concerning employee discipline applied to the video recording. On the other hand, the OOR held that Requester's questions about Dufour's employment status and salary, which were not put in the form of document requests, did not have to be answered by the School District.[2]

## Trial Court Decision

The School District appealed to the trial court, again relying on Sections 708(b)(1)(i) and 708(b)(7)(viii) of the Right-to-Know Law. The trial court affirmed the OOR and held that the video recording is not an "education record" for purposes of the federal Privacy Act. In so holding, the trial court relied upon a New York trial court decision, *Rome City School District Disciplinary Hearing v. Grifasi*, 806 N.Y.S.2d 381 (N.Y. Sup. Ct. 2005). In *Grifasi*, a school district video camera captured images of students involved in an altercation along with bystanders. A student who was suspended for the incident subpoenaed the school district for copies

---

[2] Requester did not cross-appeal this part of the OOR's final determination, and it is not before the Court.

of the video recordings.[3]  The court rejected the school district's argument that the videotape was an educational record protected by the Privacy Act, stating:

> [The Privacy Act] is intended to protect records relating to an individual student's performance.  [It] is *not* meant to apply to records, such as the videotape in question which was recorded to maintain the physical security and safety of the school building and which does not pertain to the educational performance of the students captured on this tape….

*Id*. at 383 (internal citation omitted).

Relying on the *Grifasi* analysis, the trial court concluded that because the video sought by Requester did not concern any student's academic performance, it was not an educational record.  Accordingly, disclosure of the video would not jeopardize the School District's federal funding under the Privacy Act, and the School District did not prove an exemption under Section 708(b)(1)(i) of the Right-to-Know Law.

The trial court also rejected the School District's argument that the video recording was exempt from disclosure under Section 708(b)(7)(viii) of the Right-to-Know Law as "'information regarding' discipline, demotion or discharge [of Dufour]."  Trial Ct. Op. 12/1/2017, at 6 (citing 65 P.S. §67.708(b)(7)(viii)); R.R. 49a.  In so ruling, the trial court found that "no final action resulting in demotion or discharge has occurred."  *Id*.

---

[3]  Notably, the Privacy Act authorizes the release of educational records without parental consent where required by judicial order or lawfully issued subpoena.  20 U.S.C. §1232g(b)(2)(B).

**Appeal**

The School District appealed to this Court.[4] In this appeal, the School District presents three issues for our consideration. The School District first argues that the trial court erred in ruling that the video recording is not exempt from disclosure under Section 708(b)(1)(i) of the Right-to-Know Law (loss of federal funding). Second, the School District argues that the trial court erred in holding that Section 708(b)(7)(viii) of the Right-to-Know Law (employee discipline) does not apply to the video. Finally, the School District argues that the video is exempt from disclosure under Section 708(b)(8)(ii) of the Right-to-Know Law (arbitration evidence), 65 P.S. §67.708(b)(8)(ii). We address these issues *seriatim*.

## I. Loss of Federal Funding Exemption

The School District argues that the trial court erred in holding that the video was not exempt because the Privacy Act prohibits disclosure of a student's education records without parental consent. The School District contends that because the video depicts students on the school bus during the school day, it is an "education record." The School District argues that the trial court erred in holding that the Privacy Act protects only those records that relate to a student's academic performance.

The Right-to-Know Law requires state and local agencies to provide access to public records upon request. Section 302 of the Right-to-Know Law, 65

---

[4] This Court's review in a Right-to-Know Law appeal determines "whether the trial court committed an error of law and whether its findings of fact are supported by substantial evidence." *Paint Township v. Clark*, 109 A.3d 796, 803 n.5 (Pa. Cmwlth. 2015). The statutory construction of the Right-to-Know Law is a question of law subject to this Court's plenary, *de novo* review. *Hearst Television, Inc. v. Norris*, 54 A.3d 23, 29 (Pa. 2012).

P.S. §67.302 ("A local agency shall provide public records in accordance with this act."). Section 102 of the Right-to-Know Law defines a "public record" as a

> record, including a financial record, of a Commonwealth or local agency that: (1) is not exempt under section 708[, 65 P.S. §67.708]; (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or (3) is not protected by a privilege.

65 P.S. §67.102. A "record" is further defined under the Right-to-Know Law as:

> Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document.

*Id.*

The burden of proving that a "record" is exempt from public access is placed on the "local agency receiving a request by a preponderance of the evidence." Section 708(a)(1) of the Right-to-Know Law, 65 P.S. §67.708(a)(1). By this standard of proof, "the existence of a contested fact must be more probable than its nonexistence." *Pennsylvania State Troopers Association v. Scolforo*, 18 A.3d 435, 439 (Pa. Cmwlth. 2011) (quoting *Department of Transportation v. Agricultural Lands Condemnation Approval Board*, 5 A.3d 821, 827 (Pa. Cmwlth. 2010)). In addition, "the exceptions to disclosure of public records must be narrowly construed." *Office of the Governor v. Davis*, 122 A.3d 1185, 1191 (Pa. Cmwlth. 2015).

Section 708(b)(1)(i) of the Right-to-Know Law exempts from disclosure "[a] record, the disclosure of which would result in the loss of Federal or

State funds by an agency or the Commonwealth[.]" 65 P.S. §67.708(b)(1)(i). Here, the School District argues that the Privacy Act forbids disclosure of the video recording without first obtaining the consent of the parents of all students on the bus that appear in the video. Without this consent, disclosure will cause the School District to lose federal funding.

The Privacy Act prohibits schools receiving federal financial assistance from disclosing "sensitive information about students" without parental consent. *Owasso Independent School District No. I-011 v. Falvo*, 534 U.S. 426, 428 (2002). Specifically, Section 1232g(b)(1) of the Privacy Act provides:

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting *the release of education records* (or *personally identifiable information contained therein* other than directory information, as defined in paragraph (5) of subsection (a)) of students *without the written consent of their parents*….

20 U.S.C. §1232g(b)(1) (emphasis added).

Section 1232g(a)(4)(A) of the Privacy Act defines "education records" as "those records, files, documents, and other materials which – (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution."[5] 20 U.S.C. §1232g(a)(4)(A).

---

[5] Section 1232g(a)(4)(B) excludes the following from the definition of "education records":

> (i) records of instructional, supervisory, and administrative personnel and educational personnel ancillary thereto which are in the sole possession of the maker thereof and which are not accessible or revealed to any other person except a substitute;

> (ii) records maintained by a law enforcement unit of the educational agency or institution that were created by that law enforcement unit for the purpose of law enforcement;

7

The School District argues that the school bus video satisfies this definition of "education record" because it contains personally identifiable information about the students on the school bus and is maintained by the School District.

In support, the School District directs the Court to a decision of the Court of Appeals of Utah, *Bryner v. Canyons School District*, 351 P.3d 852 (Utah Ct. App. 2015), which involved a surveillance video capturing an altercation between students.[6] The school district declined to disclose the video, arguing that it was an educational record under the Privacy Act. The court agreed, holding that the term "education record" was not limited to academic records, and noting that Congress had made no "content-based judgments with regard to its 'education records' definition." *Id*. at 857 (quoting *United States v. Miami University*, 294 F.3d

> (iii) in the case of persons who are employed by an educational agency or institution but who are not in attendance at such agency or institution, records made and maintained in the normal course of business which relate exclusively to such person in that person's capacity as an employee and are not available for use for any other purpose; or
>
> (iv) records on a student who is eighteen years of age or older, or is attending an institution of postsecondary education, which are made or maintained by a physician, psychiatrist, psychologist, or other recognized professional or paraprofessional acting in his professional or paraprofessional capacity, or assisting in that capacity, and which are made, maintained, or used only in connection with the provision of treatment to the student, and are not available to anyone other than persons providing such treatment, except that such records can be personally reviewed by a physician or other appropriate professional of the student's choice.

20 U.S.C. §1232g(a)(4)(B).

[6] The School District also directs the Court to an unpublished decision of the Connecticut Superior Court in *Goldberg v. Regional School District No. 18* (Conn. Super. Ct., No. KNL-CV-1460200375, filed June 26, 2015), 2015 WL 4571079 (unreported). In a prior ruling, the Connecticut court held that a video recording of students and a school bus driver bullying an autistic child was an educational record protected by the Privacy Act. However, the reasons for that holding are nowhere given in the subsequent decision cited by the School District, which concerned only a bill of costs in a discovery dispute. Thus, *Goldberg* has no instructive value.

797, 812 (6th Cir. 2002)). The *Bryner* court held that the video fell within that definition because the video contained information "identifying the student." *Id.* at 858 (quoting *United States v. Miami University*, 91 F.Supp.2d 1132, 1149 (S.D. Ohio 2000), *aff'd*, 294 F.3d 797 (6th Cir. 2002)). *Bryner* also cited guidance from the United States Department of Education that videotapes of this type "do not constitute the education records of students who did not participate in the altercation [; however,] … the images of the students involved in the altercation do constitute the education records of those students." *Bryner*, 351 P.3d at 858 (quoting Opinion of the Texas Attorney General, OR2006-07701 (July 18, 2006)).

Requester counters that Congress did not intend the Privacy Act to cover "all records pertaining to a school's activities"; rather, the Privacy Act has been more narrowly construed by various state and federal courts. Requester Brief at 10 (citing, *e.g.*, *Ellis v. Cleveland Municipal School District*, 309 F.Supp.2d 1019 (N.D. Ohio 2004)).

In *Chevron*, *U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), the United States Supreme Court outlined a two-step procedure to determine Congressional intent in a statute. First, courts must determine "whether Congress has directly spoken to the precise question at issue." *Id.* at 842. If so, courts "must give effect to the unambiguously expressed intent of the Congress."[7] *Id.* at 843. If the statute is silent or ambiguous with respect to the specific issue, courts must defer to the agency's interpretation as long as it is "based on a permissible construction of the statute." *Id.*

---

[7] Similarly, Pennsylvania rules of statutory construction provide that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa. C.S. §1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C.S. §1921(b).

The trial court found that the school bus video was not an "education record" under the Privacy Act simply because it captured a teacher's misconduct that was irrelevant to the academic performance of any student on the bus. Section 1232g(a)(4)(A) of the Privacy Act defines "education records" as those that "contain information directly related to a student[.]" 20 U.S.C. §1232g(a)(4)(A). The statute does not require an educational record to be related to a student's academic performance, but it does require the information to be "directly related to a student." "Directly" means "in a direct manner." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 327 (10th ed. 2001).

The video captured images of the students who were on the bus, but it is not directly relevant to those students. Rather, it is directly relevant to the teacher's performance, who roughly disciplined a child. Several federal court decisions have held that a video recording that concerns a teacher, not a student, is not an "education record" under the Privacy Act.

In *Young v. Pleasant Valley School District* (M.D. Pa., No. 3:07-CV-854, filed June 26, 2008), 2008 WL 11336157 (unreported), a school teacher was charged with giving students sexually offensive materials. The parents of one minor student sought emails sent to the school district by other parents with complaints about the teacher. The school district argued, *inter alia*, that the emails were educational records within the meaning of the Privacy Act and could not be disclosed without consent of all other parents. The United States District Court for the Middle District of Pennsylvania rejected the district's argument, stating:

> The records in question here – e-mails containing complaints about a teacher's performance – do not appear to be the types of records covered by [the Privacy Act]. *Those complaints do not necessarily contain any information directly related to a student. Instead, they are directly related to a teacher and only*

10

> *tangentially related to the student….* As such, we could probably conclude after examining the e-mails that they are not an educational record and not subject to [the Privacy Act's] requirement.

*Id.* at *7 (emphasis added).

Likewise, in *Ellis*, 309 F.Supp.2d 1019, the plaintiff sought discovery of "incident reports related to altercations between substitute teachers and students, student and employee witness statements related to these incidents, and information related to subsequent discipline, if any, imposed on the substitute teachers[.]" *Id.* at 1021. The United States District Court for the Northern District of Ohio ruled that the Privacy Act did not prohibit disclosure of the information sought by the plaintiff:

> First, [the Privacy Act] applies to the disclosure of student records, not teacher records. *While it is clear that Congress made no content-based judgments with regard to its "education records" definition, … it is equally clear that Congress did not intend [the Privacy Act] to cover records directly related to teachers and only tangentially related to students.*

*Id.* at 1022 (emphasis added) (internal quotations omitted).

Here, as in *Young* and in *Ellis*, the video recording is "directly related" to the teacher disciplining a student and is only "tangentially related" to the students on the bus. *Bryner* is inapposite because the video contained information directly related to the students committing misconduct. By contrast, here, the video depicts a teacher's alleged misconduct. The Privacy Act does not apply to the disclosure of teacher records.

This interpretation of the Privacy Act is consistent with guidance from the U.S. Department of Education, which addresses when a photo or video of a student constitutes an "education record" under the Privacy Act:

11

[The Privacy Act] regulations do not define what it means for a record to be "directly related" to a student. In the context of photos and videos, determining if a visual representation of a student is *directly* related to a student (rather than just incidentally related to him or her) is often context-specific, and educational agencies and institutions should examine certain types of photos and videos on a case by case basis to determine if they directly relate to any of the students depicted therein.

*FAQs on Photos and Videos under FERPA*, U.S. DEPARTMENT OF EDUCATION, https://studentprivacy.ed.gov/faq/faqs-photos-and-videos-under-ferpa (last visited June 12, 2018) (emphasis in original). Stated otherwise, a video does not become an educational record simply because it captures images of students who are bystanders at an event recorded on video. *Bryner*, 351 P.3d at 858. It is only an educational record with respect to a student in the video for whom the video may have consequences.

Because the video recording sought by Requester is not an "education record" for purposes of the Privacy Act, its disclosure will not subject the School District to a loss of federal funding. The trial court did not err in holding that the School District did not prove that the video is exempt from disclosure under Section 708(b)(1)(i) of the Right-to-Know Law.

## II. Employee Discipline Exemption

The School District argues, next, that the trial court erred in holding that the video was not exempt under Section 708(b)(7)(viii) of the Right-to-Know Law because the video is "[i]nformation regarding discipline, demotion or discharge contained in [Dufour's] personnel file." School District Brief at 13. Requester counters that it is unfair to allow the School District to "indefinitely or permanently deny access to the [v]ideo under the Right-to-Know Law simply by placing the [v]ideo into the employee's personnel file." Requester Brief at 17. In any event,

12

Requester maintains that the video is not exempt from disclosure under Section 708(b)(7)(viii) because it does not relate to the discipline, demotion or discharge of Dufour.

Section 708(b)(7)(viii) of the Right-to-Know Law states, in pertinent part, as follows:

> (b) Exceptions. – Except as provided in subsections (c) and (d) [regarding financial records and aggregated data], the following are exempt from access by a requester under this act:
>
> ***
>
> (7) The following records relating to an agency employee:
>
> ***
>
> > (viii) *Information regarding discipline, demotion or discharge contained in a personnel file.* This subparagraph shall not apply to the final action of an agency that results in demotion or discharge.

65 P.S. §67.708(b)(7)(viii) (emphasis added).

Contrary to the School District's assertion, it has not been established that the video is contained in Dufour's personnel file. The affidavit of the district's open records officer, John Castrovinci, states that the video was "admitted into evidence in the pending action to discipline, demote or discharge [] Dufour." Castrovinci Affidavit ¶7; R.R. 18a. It further states that "[r]ecords responsive to the first part of [the Requester's] request are maintained in [] Dufour's personnel file." Castrovinci Affidavit ¶3; R.R. 17a. "The first part of the request," as Castrovinci cited in his affidavit, concerned Requester's questions about Dufour's employment status and annual salary, which is not an issue on appeal. R.R. 17a.

13

Further, although the video was admitted into evidence in the pending action to discipline, demote or discharge Dufour, the affidavit also states that "no final agency action has been taken with regard to [] Dufour's employment as a result of the incident referred to in this request." Castrovinci Affidavit ¶¶7-8; R.R. 18a. In other words, at the time the School District declined Requester access to the video recording, Dufour had not been disciplined, demoted, or discharged. The video, therefore, is not itself "information regarding discipline, demotion or discharge" of Dufour.[8]

The local agency bears the burden of proving that a record is exempt from public access "by a preponderance of the evidence." 65 P.S. §67.708(a)(1). Because the School District did not satisfy its burden of proving that the video was contained in Dufour's personnel file and was information regarding discipline, demotion or discharge of Dufour, we hold that the trial court did not err by concluding that Section 708(b)(7)(viii) of the Right-to-Know Law does not apply to the video.

## III. Arbitration Evidence

Finally, the School District argues that the video is exempt from disclosure under Section 708(b)(8)(ii) of the Right-to-Know Law because it is evidence presented at an arbitration proceeding. "[A]n agency must raise all its challenges before the fact-finder closes the record." *Levy v. Senate of Pennsylvania*,

---

[8] Section 708(b)(17)(ii) of the Right-to-Know Law exempts from disclosure "[a] record of an agency relating to a noncriminal investigation, including … [i]nvestigative materials, notes, correspondence and reports." 65 P.S. §67.708(b)(17)(ii); *see also California Borough v. Rothey*, 185 A.3d 456 (Pa. Cmwlth. 2018). Here, the School District did not assert that the video is exempt as a noncriminal investigative record under Section 708(b)(17)(ii) of the Right-to-Know Law. Accordingly, we do not consider the issue here.

94 A.3d 436, 441 (Pa. Cmwlth. 2014). Because the School District has raised this issue for the first time on appeal to this Court, the issue is waived.

## Conclusion

For the reasons stated above, we conclude that the trial court did not err in ruling that the video recording is not exempt from disclosure under either Section 708(b)(1)(i) or 708(b)(7)(viii) of the Right-to-Know Law. Further, we determine that the School District waived the issue that the video is exempt from disclosure under Section 708(b)(8)(ii) of the Right-to-Know Law. Accordingly, we affirm the trial court's December 1, 2017, order.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Easton Area School District,            :
                    Appellant           :
                                        :
            v.                          :  No. 1897 C.D. 2017
                                        :
Rudy Miller and The Express Times       :


# **O R D E R**

AND NOW, this 20th day of July, 2018, the order of the Court of Common Pleas of Northampton County dated December 1, 2017, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge