IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Earl J. Markey III,                          :
                          Petitioner          :
                                              :
         v.                                   :    No. 759 C.D. 2021
                                              :    Submitted:  March 4, 2022
Treasury Department,                          :
                          Respondent          :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                          FILED:  May 26, 2022


        Earl J. Markey III (Markey) petitions this Court for review of the June 4, 2021

Final Decision and Order of an Appeals Hearing Officer (Hearing Officer) with the

Pennsylvania Treasury Department (Department), which concluded that personal

contact information redacted from the Department's public records was exempt from

disclosure pursuant to Section 708(b)(6)(i)(A) of the Right-to-Know Law (RTKL).[1]

The issue before this Court is whether the Hearing Officer erred in concluding that

the contact information was exempt from disclosure.  After review, we affirm.

## I.  Background

        On April 17, 2021, Markey submitted a RTKL request to the Department

seeking "[t]he first ten requests for [Department] records pursuant to Section 703 of

the [RTKL, 65 P.S. § 67.703] received in calendar year 2021."  Certified Record

(C.R.), Item No. 1.  Markey specified that he merely wanted copies of the requests

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. § 67.708(b)(6)(i)(A).

and he was not seeking access to, or copies of, the records relating to those requests. The Department's Open Records Officer (ORO) provided the requested records on April 26, 2021. Although each responsive record disclosed the identity of the requester, the ORO redacted personal contact information, such as the requester's home address, email address, and phone number, as such information was deemed exempt from disclosure under Section 708(b)(6)(i) of the RTKL,[2] and our Supreme Court's decision in *Pennsylvania State Education Association v. Department of Community and Economic Development*, 148 A.3d 142 (Pa. 2016) (*PSEA*).[3] *Id.*, Item No. 2.

Markey appealed to the Hearing Officer, arguing that the Department failed to establish the redacted information was exempt from disclosure, that the Department "over applied" the relevant exemptions in the RTKL, and that the public benefit of disclosure outweighed the personal privacy interests of the individuals who submitted RTKL requests (Requesters). *Id.*, Item No. 3 at 2-4. While Markey acknowledged that Section 708(b)(6) of the RTKL exempted certain information from disclosure, he suggested that the Requesters had voluntarily submitted their personal information when they sought records under the RTKL, and, as a result, they lost any privacy interest in that information. Markey noted that the

---

[2] Section 708(b)(6)(i) of the RTKL, 65 P.S. § 67.708(b)(6)(i), exempts from public access certain personal identifying information, such as a person's Social Security number, driver's license number, personal financial information, home, cellular, or personal telephone numbers, and personal email addresses. Section 708(b)(1)(ii) of the RTKL generally exempts from disclosure any records that "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual." 65 P.S. § 67.708(b)(1)(ii).

[3] In *PSEA*, the Supreme Court held that, where a RTKL request implicates constitutionally protected personal information, the release of that information is subject to a balancing test that weighs the public benefit of disclosure with the privacy right implicated by the information's release.

Department's RTKL form did not specify the type of phone number or address that must be provided, and, therefore, the Department could not assume that the addresses and phone numbers provided were personal to the Requester. Moreover, the "substantial public interest" in identifying the origins of a RTKL request far outweighed any "minimal privacy interests" that were implicated in voluntarily submitted contact information contained in a public record. *Id.* at 5.

In its answer to Markey's appeal, the Department maintained that the redacted information was either explicitly exempt from disclosure under Section 708(b)(6)(i) of the RTKL or protected by the constitutional right to privacy identified by the Supreme Court in *PSEA*. *Id.*, Item No. 4. The Department noted that a RTKL requester is required by Section 703 of the RTKL to provide the name and address to which a response should be sent. 65 P.S. § 67.703. As a result, a requester's contact information is not voluntarily given but is provided on the form of a government agency, which does not indicate that the information is optional. The Department asserted that the public interest in agency accountability was not furthered by the provision of an individual's contact information.

In its new matter, the Department advised that a special investigator for the Department, Christine Lucas (Lucas), utilized a research database to determine whether the contact information provided by the Requesters was of a personal nature or whether it related to a business or corporate entity. *Id.* Lucas prepared an affidavit with the results of her investigation, which revealed that several Requesters submitted contact information associated with a business entity. C.R., Item No. 4, Ex. 5. Lucas identified other contact information as purely personal to the Requester. Based on the results of Lucas's research, the Department provided additional unredacted contact information. The Department continued to redact

3

personal home addresses and individual phone numbers and email addresses not readily available on the internet or otherwise "appearing in the public domain[.]" C.R., Item No. 4 at 6.

In a Final Decision and Order issued on June 4, 2021, the Hearing Officer found that the Department properly redacted the personal telephone numbers and email and mailing addresses of the Requesters. C.R., Item No. 8. The Hearing Officer noted that the disclosure of an individual's personal information, such as a home address, did not further agency accountability and revealed little, if anything, about the workings of government. Furthermore, an individual's privacy interest in his or her home address outweighed the benefits of disclosing that information. The Hearing Officer found that Lucas's affidavit detailing her review of the RTKL requests and her investigation into the contact information provided, coupled with the Department's submission of additional unredacted records, satisfied the Department's responsibility to assess the nature of the contact information provided. Accordingly, the Hearing Officer denied Markey's appeal.

## II. Issue

On appeal,[4] Markey presents five questions for this Court's review, all of which relate to the sole issue of whether the Hearing Officer erred in concluding that the contact information redacted by the Department was exempt from disclosure.

## III. Discussion

Markey argues that the Department failed to prove that the contact information in the RTKL requests is exempt from disclosure under Section 708(b)(6)(i)(A) of the RTKL. Moreover, Markey contends that no privacy interest

---

[4] This Court's standard of review for determinations made by appeals officers under the RTKL is *de novo* and our scope of review is plenary. *Bowling v. Off. of Open Recs.*, 75 A.3d 453, 477 (Pa. 2013).

exists for the contact information provided by the Requesters, regardless of its nature, because such information was voluntarily disclosed. Markey also alleges that Lucas's "post hoc" investigation was inappropriate and intruded on the very privacy rights that the Department allegedly sought to protect.[5] Markey's Br. at 12. Markey argues in the alternative that, assuming the contact information would normally be protected from disclosure, the public benefit in disclosing the information outweighs any privacy interests of the Requesters. Markey maintains that the public has a substantial interest in identifying the origins of RTKL requests, and he suggests that public access to unredacted RTKL requests is vital to ensuring the Department's transparency in responding to those requests. The Department counters that the results of Lucas's investigation, as evidenced by the affidavit submitted by the Department, satisfied the Department's burden of proving that the contested phone numbers and email addresses were personal and specifically exempt by Section 708(b)(6)(i)(A). Regarding the home addresses of the Requesters, the Department relies on Section 305(a) of the RTKL, 65 P.S. § 67.305(a), which provides that a record is not a public record where it is protected by a privilege, or is otherwise exempt from disclosure under state or federal law or by judicial order or decree. Further, the Department contends that it was not required to balance the privacy interest an individual has in his or her home address with the public's interest in disclosure of that information, as such information is protected under article I, section 1 of the Pennsylvania Constitution,[6] as recognized by the Supreme Court in

_____

[5] Ironically, Markey asks the Department to provide him with the home addresses of the Requesters, yet he accuses the Department of invading the Requesters' privacy by researching whether the addresses are personal or relate to a business.

[6] Article I, section 1 of the Pennsylvania Constitution provides that "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are
**(Footnote continued on next page…)**

5

*PSEA*. Nonetheless, the Department argues that Markey has failed to identify any public interest that would justify the disclosure of a RTKL requester's constitutionally protected information, and any alleged public interest in identifying the origin of a RTKL request is satisfied by disclosure of the name of the requester.

The objective of the RTKL is "to empower citizens by affording them access to information concerning the activities of their government." *Off. of Open Recs. v. Center Twp.*, 95 A.3d 354, 358 (Pa. Cmwlth. 2014). Given the remedial nature of the RTKL, exemptions from disclosure must be narrowly construed, as the RTKL is "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *Clinkscale v. Dep't of Pub. Welfare*, 101 A.3d 137, 140 (Pa. Cmwlth. 2014) (internal citations omitted). The RTKL is not, however, "a mechanism for an individual to access private or nonpublic information; it is a procedure for individuals to access 'public records.'" *Id.*

The express terms of the RTKL direct that a Commonwealth agency "shall provide public records in accordance with" the provisions of the RTKL. Section 301 of the RTKL, 65 P.S. § 67.301. A presumption exists under Section 305(a) of the RTKL that a record in the possession of a Commonwealth agency is a public record, unless it is privileged, or protected from disclosure by state or federal law or by judicial order or decree. The Commonwealth agency bears the burden of proving by a preponderance of the evidence that its records are exempt from public access. Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1). Under this standard of proof, the existence of a contested fact must be more probable than its nonexistence.

---

those of enjoying and defending life and liberty, of acquiring, possessing[,] and protecting property and reputation, and of pursuing their own happiness." Pa. Const. art. I, § 1.

6

*Easton Area Sch. Dist. v. Miller*, 191 A.3d 75, 79 (Pa. Cmwlth. 2018), *aff'd*, 232 A.3d 716 (Pa. 2020).

An agency may carry its burden of proving that information is exempt from disclosure with an affidavit from agency personnel. *United Healthcare of Pa., Inc. v. Pa. Dep't of Hum. Servs.*, 187 A.3d 1046, 1059 (Pa. Cmwlth. 2018). A testimonial affidavit that is found to be relevant and credible may provide sufficient evidence to support a claimed exemption. *McGowan v. Pa. Dep't of Env't Prot.*, 103 A.3d 374 381 (Pa. Cmwlth. 2014) (internal citations omitted). An affidavit must be detailed, nonconclusory, submitted in good faith, and specific enough to permit a reviewing court to ascertain whether the claimed exemption applies to the records at issue. *Id.* Absent evidence of bad faith, the veracity of an agency's submissions explaining its reasons for nondisclosure should not be questioned. *Id.* Affidavits of the parties are often sufficient to adjudicate the matter. *United Healthcare of Pa., Inc.*, 187 A.3d at 1060.

Instantly, our resolution of this matter turns on whether the information the Department seeks to exclude is either explicitly exempt from disclosure by the RTKL, or the information is subject to a constitutional right of informational privacy that outweighs any public benefit in its disclosure.

At the outset, we note that Section 708(b)(6)(i)(A) explicitly exempts an individual's personal telephone numbers and email addresses from disclosure. In denying Markey access to some of the telephone numbers and email addresses set forth in the RTKL requests, the Department relied on Lucas's investigation, and her resultant affidavit describing the method she used to separate the Requesters' personal information from that which either related to a business or was readily obtainable through the internet. Applying the preponderance of the evidence

7

standard, which only requires that the existence of a contested fact be more probable than its nonexistence,[7] the Hearing Officer found that Lucas's research satisfied the Department's burden of establishing that the redacted information was exempt from disclosure. Beyond his curious characterization of Lucas's investigation as a privacy violation, Markey has not disputed the results of that investigation, suggested that the Department or Lucas acted in bad faith, or asserted that the redacted information is anything but personal. Therefore, we conclude that Lucas's affidavit constitutes substantial evidence to support the Hearing Officer's finding that the redacted information related to the Requesters' home addresses and their personal email addresses and telephone numbers.

As to whether the RTKL Requesters voluntarily submitted their personal information, we note that the standard RTKL request from the Pennsylvania Office of Open Records only provides that "**[i]n most cases**, a completed RTKL request form is a public record." C.R., Item No. 2 at 7 (emphasis added). The Department's RTKL request form contains no such disclaimer. Several of the Requesters did not submit their requests on a form, but merely sought records in an email or letter directed to the Department. It cannot be said, therefore, that the Requesters provided their personal information with the categorical understanding that it would be subject to disclosure under the RTKL, particularly given the exemptions set forth in Section 708(b)(6)(i)(A) of the RTKL.

Based on the above discussion, we conclude that the Department correctly redacted the personal email addresses and telephone numbers of the RTKL Requesters. We now turn to whether the Department properly redacted the home addresses of the RTKL Requesters.

---

[7] *Easton Area Sch. Dist.*, 191 A.3d at 79.

The Department cites the Supreme Court's decision in *PSEA* as dispositive of this issue, while Markey relies on this Court's decision in *Butler Area School District v. Pennsylvanians for Union Reform*, 172 A.3d 1173 (Pa. Cmwlth. 2017). Therefore, a brief review of those decisions is appropriate.

In *PSEA*, the Supreme Court reviewed whether the home addresses of public school employees were exempt from disclosure under the personal security exemption in Section 708(b)(1)(ii) of the RTKL. In reaching its decision, the Supreme Court reviewed decisions interpreting Section 1(2) of the Right to Know Act (RTKA), the precursor to the RTKL,[8] which similarly concerned the competing interests of an individual's right to privacy and the public's right of access to governmental records. Such precedent recognized that an individual's constitutional right of privacy was not absolute but rather must be balanced against the government's interest in disclosure. *See Tribune-Rev. Publ'g Co. v. Bodack*, 961 A.2d 110, 118 (Pa. 2008) (privacy interest of city council members in their telephone numbers outweighed a "weak, perhaps non-existent" public interest in favor of disclosure); *Pa. State Univ. v. State Emps.' Ret. Bd.*, 935 A.2d 530 (Pa. 2007) (public interest in disbursement of government funds outweighed privacy interests of state employees in their salary information); *Sapp Roofing Co., Inc. v. Sheet Metal Workers' Int'l Ass'n, Loc. Union No. 12*, 713 A.2d 627, 630 (Pa. 1998) (permitting the release of employee wage information, but excluding the release of personal information, such as a home address, telephone number, and social security number).

---

[8] Act of June 21, 1957, P.L. 390, *as amended*, *formerly* 65 P.S. § 66.1(2), repealed by the Act of February 14, 2008, P.L. 6. Section 1(2) of the RTKA relevantly excluded from the definition of "public record" any "record, document, material, exhibit, pleading, report, memorandum or other paper. . . which would operate to the prejudice . . . of a person's reputation or personal security."

The Supreme Court noted that the General Assembly retained the RTKA's personal security exemption when drafting the RTKL, although the precise statutory language differed. As the General Assembly was presumably aware of the Supreme Court's precedent interpreting the personal security exemption under the RTKA, and it elected to use similar language in the RTKL, those decisions remained viable in interpreting the RTKL. The Supreme Court also noted that the right to informational privacy established in article I, section 1 of the Pennsylvania Constitution was covered by the exemption in Section 305(a)(3) of the RTKL, which protects from disclosure records that are otherwise exempt under state law. Ultimately, the Supreme Court held that this constitutional right to informational privacy could not be violated unless outweighed by a public interest favoring disclosure. Therefore, the Supreme Court perceived no public benefit or interest in disclosing a public school employee's address in response to a generic request. Moreover, "nothing in the RTKL suggest[ed] that it was ever intended to be used as a tool to procure personal information about private citizens[.]" *PSEA*, 148 A.3d at 158.

The issue in *Butler* concerned whether addresses contained in property tax assessment records were subject to disclosure or protected by a constitutional right of privacy. The RTKL request at issue specifically sought a list of property addresses within the geographic confines of the Butler Area School District (District) and the names of each property owner. The District denied the request, arguing that the addresses of public school employees appearing on the property list were protected by the constitutional privacy right identified in *PSEA*. This Court distinguished the release of addresses contained in a record of taxable real property from the addresses requested in *PSEA*. While the requester in *PSEA* specifically sought the home addresses of public school employees, the requester in *Butler*

requested those addresses relating to taxable real property, which could be owned by a corporation or other entity, as well as an individual. Accordingly, we held that property addresses contained in the District's property tax assessment list were not personal in nature. Because the disclosure of property addresses did not implicate any individual privacy interest, the District erred in denying the RTKL request.

*Butler* is inherently distinguishable from the instant matter, as the requester in *Butler* sought property addresses, not home addresses. Instantly, we are only concerned with the release of home addresses, as the Department has not redacted any address that is associated with a business entity. We agree with the Department that *PSEA* controls our disposition in this matter, although we do not agree with the Department's assertion that home addresses are automatically excluded from disclosure. To the contrary, the Supreme Court in *PSEA* recognized that the constitutional right of informational privacy was not absolute, and that a balancing test must be applied before a court could release, or exclude from dissemination, such information.

In that regard, we discern no error in the Hearing Officer's conclusion that the home addresses of the RTKL Requesters were not subject to disclosure under the RTKL. Under *PSEA*, the RTKL Requesters unquestionably have a constitutional right of privacy in that information; however, Markey has failed to identify any public interest in the disclosure of this personal information, beyond the nebulously expressed interest in "knowing where RTKL requests originate[.]" Markey's Br. at 14. As the Department notes, that interest is fully satisfied through its disclosure of the individual making the request. To the extent Markey invokes agency accountability as the public interest at issue, he has not identified how such an interest is furthered by the dissemination of the Requesters' home addresses.

11

We need not address the Department's alleged impropriety in investigating whether the information Markey sought was personal to the individual or related to a business entity, as it is not relevant to our application of the balancing test required under *PSEA*. The ultimate issue before this Court is whether the Department impermissibly redacted the Requesters' personal information, and we have concluded that it did not.

## IV. Conclusion

Lucas's affidavit sufficiently demonstrates that the information redacted by the Department consisted of home addresses, and personal email addresses and telephone numbers. Therefore, the Department properly excluded from disclosure the personal email addresses and telephone numbers pursuant to Section 708(b)(6)(i)(A) of the RTKL. The Requesters' home addresses were also appropriately redacted by the Department, as their right to informational privacy outweighed the public interest identified by Markey. Accordingly, we affirm the Hearing Officer.

_____
ELLEN CEISLER, Judge

Judge Wallace did not participate in the decision of this case.

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Earl J. Markey III,                     :
            Petitioner       :
                            :
       v.                   :  No. 759 C.D. 2021
                            :
Treasury Department,           :
            Respondent    :

# O R D E R

AND NOW, this 26th day of May, 2022, the June 4, 2021 Final Decision and Order of the Pennsylvania Treasury Department's Appeals Hearing Officer is hereby AFFIRMED.

                                      _____

                                      ELLEN CEISLER, Judge