**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**


| | | |
|---|---|---|
| EASTON AREA SCHOOL DISTRICT, | : | No. 13 MAP 2019 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 1897 |
| | : | CD 2017 dated July 20, 2018 |
| v. | : | Affirming the Order of the |
| | : | Northampton County Court of |
| | : | Common Pleas, Civil Division, at No. |
| RUDY MILLER AND THE EXPRESS | : | C-0048-CV-2017- 5558 dated |
| TIMES, | : | December 1, 2017, exited December |
| | : | 5, 2017. |
| Appellees | : | |
| | : | ARGUED: September 12, 2019 |


*Justice Dougherty delivers the Opinion of the Court with respect to Parts I, II, and III(A)(2), and announces the judgment of the Court. The opinion is joined in full by Justices Todd and Donohue. Justices Baer and Wecht join Part III(A)(2), and join the mandate to the extent it requires disclosure of the subject video, albeit they would favor disclosure in an unredacted form. Chief Justice Saylor and Justice Mundy join Part III(B) to the extent it determines the subject video was an education record. Chief Justice Saylor and Justice Mundy join the mandate to the extent it precludes disclosure of information that could reveal the identities of the students in the video.*


**<u>OPINION</u>**


**JUSTICE DOUGHERTY**                    **DECIDED: June 18, 2020**


We granted discretionary review to consider whether the Commonwealth Court

erred in determining a school bus surveillance video sought in a request for public records

pursuant to the Right-to-Know Law (RTKL), 65 P.S. §§67.101-67.3104,[1] is not exempt from disclosure under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g. Although our rationale departs from the analysis of the Commonwealth Court, we affirm the court's order, with instructions to redact students' images from the video prior to disclosure.

## I. Background

On February 21, 2017, Rudy Miller, on behalf of The Express Times (collectively, Requester), submitted a RTKL request to the District. Therein, Requester sought information in connection with an incident involving an elementary school teacher who, according to Requester, had roughly physically disciplined a child on a school bus outside of the school. *See* Letter of Rudy Miller to the District dated 2/21/2017. Relevant to this appeal, Requester specifically sought a copy of the surveillance video from the school bus security camera capturing the incident. *Id.* The District denied the request for the video, stating, in part, the video was exempt from disclosure under Subsection 708(b)(1)(i) of the RTKL, which exempts from public record access a record whose disclosure would result in the loss of federal or state funds by an agency. Right-to-Know Response dated 3/29/2017; 65 P.S. §67.708(b)(1)(i).

Requester appealed the District's denial to the Office of Open Records (OOR), challenging the District's decision to withhold the video, and further indicating the identity of the disciplined student was immaterial to the request. *See* Letter of Rudy Miller to the OOR dated 4/4/2017. According to the OOR, in addition to inviting the parties to supplement the record, it directed the District to notify any third parties of their right to participate in the appeal. *In the matter of Miller v. Easton Area Sch. Dist.*, No. AP 2017-

---

[1] Act of Feb. 14, 2008, P.L. 6.

0615, 2017 WL 2313147, at *2 (Pa. Off. Open Rec., filed May 24, 2017). The video itself is not in the certified record, and there is no indication the OOR viewed it.

The District submitted a supplemental response claiming, in pertinent part, it was entitled to application of the exemption set forth in Subsection 708(b)(1)(i) of the RTKL because the video constituted an education record under FERPA and its release would place the District at risk of losing federal funding pursuant to that Act. *See* District Letter dated 4/18/17. In support of this position, the District cited Subsections 1232g(b)(1)-(2) of FERPA, *infra* at pages 12-13, which generally provide for the withholding of federal funding to educational agencies or institutions that have a policy or practice of releasing education records and personally identifiable information contained in those records unless certain conditions are present. *See id.* at 2-3, *citing* 20 U.S.C. §1232g(b). Relying upon the definitions of "education record" and "personally identifiable information" as used in FERPA, the District contended the video was an education record because it enabled all viewers to identify the students depicted in it.[2] The District also attached an attestation of John Castrovinci, the District's Open Records Officer (ORO), to its supplemental response. Therein, the ORO stated: (1) "[a] video exists that would reflect an interaction between [a teacher] and a student within the range of dates set forth in the request;" (2) the video was being used as evidence in a pending disciplinary action against the teacher

---

[2] Subsection 1232g(a)(4)(A) of FERPA defines "education record" to include records and other materials that: "(i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." *See also* 34 C.F.R. §99.3 (defining "education record" in a substantially similar way). The District further cited to the provisions of FERPA's regulations that define "personally identifiable information" as "information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty" and "[i]nformation requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates." *Id.*

as well as a state investigation into the teacher's misconduct; and (3) "[d]isclosure of the video . . . []will enable anyone viewing it to identify all students depicted in the video." Attestation of John Castrovinci, 4/18/2017, at ¶¶4, 7, 9-10.

On May 24, 2017, the OOR issued a final determination granting Requester's appeal to the extent that it sought disclosure of the video. Aptly, the OOR observed, "[r]ecords in possession of a local agency are presumed public unless exempt under the RTKL or other law or protected by a privilege, judicial order or decree." *In the matter of Miller*, 2017 WL 2313147, at *3, *citing* 65 P.S. §67.305. Then, relying on case law from other jurisdictions, the OOR opined that only those records relating to student academics are education records under FERPA. *Id.* at *4-5. The OOR reasoned that, while the requested video "purportedly depicts the individual student" involved in the incident at issue, there was no evidence that it was part of the student's permanent academic file. *Id.* at *5-6. The OOR thus concluded the video was not an education record under FERPA and, consequently, its disclosure would not threaten the loss of federal funding to the District. *Id.* at *6, n.2. Accordingly, the OOR held that the District failed to meet its burden of proof to withhold the video under Subsection 708(b)(1)(i) of the RTKL, and it ordered the District to disclose the video within thirty days. *Id.*

The District then appealed to the court of common pleas. In addition to arguing the video met the RTKL Subsection 708(b)(1)(i) exception for loss of FERPA funds, the District further asserted that because the video was an educational record exempt from disclosure under FERPA, it was also exempt from disclosure under the RTKL Subsection 305(a), which provides the public presumption of agency records does not apply if, *inter alia*, a Section 708 exception applies, or, if "the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree." District's Brief in Support Appeal and Petition for Review of Decision of the OOR at 3-5, *citing* 65 P.S.

§67.305(a). The court agreed with the OOR's determination the video was not an education record under FERPA because the District failed to establish that the video contained information regarding the depicted student's academic or educational performance. The court held disclosure of the video would not jeopardize federal funding rendering it exempt under Subsection 708(b)(1)(i) of the RTKL, and thus ordered disclosure of the video to Requester.[3] *Easton Area School District v. Miller and the Express Times,* No. C-48-CV-2017-5558, unpublished order at 2-3 (C.P. Northampton County filed Dec. 1, 2017). Thereafter, the District appealed to the Commonwealth Court.

In a unanimous published opinion, a three-judge panel of the Commonwealth Court affirmed the common pleas court's order.[4] *Easton Area Sch. Dist. v. Miller*, 191 A.3d 75 (Pa. Cmwlth. 2018). Contrary to the rationale of the lower tribunals, the Commonwealth Court reasoned that FERPA did not require an education record to be related exclusively to a student's academic performance. *Id.* at 81. Nonetheless, the panel emphasized that the statute required the information to be "directly related to a student[.]" *Id.* (referring to FERPA's definition of "education record," *supra* at page 3 n.2).

---

[3] Initially, the court observed, "[i]t is the burden of the School District to prove, by a preponderance of the evidence, that the [public] presumption does not apply by demonstrating that: '(1) the record is exempt under section 708; (2) the record is protected by a privilege; or (3) the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree.'" *Easton Area School District v. Miller and the Express Times,* No. C-48-CV-2017-5558, unpublished order at 2-3 (C.P. Northampton County filed Dec. 1, 2017), *quoting* 65 P.S. §67.305(a). The court analyzed whether the District met its burden under Subsection 305(a)(1) only. *Id.* at 4-5.

[4] The Commonwealth Court did not refer to Section 305 of the RTKL regarding exemptions to the public presumption of records, but instead began its analysis with the nearly-identical text of RTKL Section 102, defining "public record," noting: "Section 102 of the Right-to-Know Law defines a 'public record' as a record, including a financial record, of a Commonwealth or local agency that: (1) is not exempt under section 708 [, 65 P.S. § 67.708]; (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or (3) is not protected by a privilege." *Easton Area Sch. Dist. v. Miller*, 191 A.3d 75, 79 (Pa. Cmwlth. 2018).

The panel explained that, here, the requested video was only "tangentially related" to the students on the bus and instead "directly related" to the teacher disciplining a student. *Id.* at 82 (relying upon, *inter alia*, *Ellis v. Cleveland Municipal Sch. Dist.*, 309 F.Supp.2d 1019, 1022 (N.D. Ohio 2004) (explaining that, "[w]hile it is clear that Congress made no content-based judgments with regard to its education records definition, it is equally clear that Congress did not intend FERPA to cover records directly related to teachers and only tangentially related to students" (internal citation and quotation omitted))).

The Commonwealth Court additionally reasoned that its interpretation of FERPA was consistent with guidance from the United States Department of Education providing, "[i]n the context of photos and videos, determining if a visual representation of a student is **directly** related to a student (rather than just incidentally related to him or her) is often context-specific" and that certain types of photos and videos should be examined "on a case by case basis to determine if they directly relate to any of the students depicted therein." *Id.*, *quoting* FAQs on Photos and Videos under FERPA, U.S. DEPARTMENT OF EDUCATION, https://studentprivacy.ed.gov/faq/faqs-photos-and-videos-under-ferpa (last visited April 20, 2020) (emphasis in original) ("USDOE FAQs on Photos and Videos under FERPA"). The panel observed, "[s]tated otherwise, a video does not become an educational record simply because it captures images of students who are bystanders at an event recorded on video. It is only an educational record with respect to a student in the video for whom the video may have consequences." *Id.* (citation omitted).

Based on the foregoing, the Commonwealth Court held, because the video did not constitute an education record under FERPA, its disclosure would not subject the District to a loss of federal funding. *Id.* at 82-83. The Commonwealth Court thus concluded the

common pleas court did not err in holding the District failed to prove that the video was exempt from disclosure under Subsection 708(b)(1)(i) of the RTKL. *Id.* at 83.

We accepted discretionary review of this matter to address the following issue, as stated by the District: "Whether the Commonwealth Court erred as a matter of law in determining that the requested video, which depicts children on a school bus during the school day, is not exempt from disclosure under [FERPA]." *Easton Area Sch. Dist. v. Miller*, 201 A.3d 721 (Pa. 2019) (*per curiam*). As this issue presents a question of law, our standard of review is de novo, and our scope of review is plenary. *Pennsylvania State Police v. Grove*, 161 A.3d 877, 887 (Pa. 2017).

## II. Arguments

The District maintains the video is an education record exempt from unconsented-to disclosure under FERPA, it is thereby not a "public record" as defined by the RTKL, and thus it is exempt from disclosure under the RTKL. District's Brief at 4-5, *citing* 65 P.S. §67.102 (defining "public record" as "[a] record . . . of a Commonwealth or local agency that [*inter alia*]: (1) is not exempt under section 708 [or] (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree") (footnote omitted), §67.305(a) ("A record in the possession of a Commonwealth agency or local agency shall be presumed to be a public record. The presumption shall not apply if: (1) the record is exempt under section 708; . . . or (3) the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree.") (footnote omitted), and §67.708(b)(1)(i) (listing exceptions for public records, "the following are exempt from access by a requester under this act: [*inter alia*] A record, the disclosure of which: [ ] would result in the loss of Federal or State funds by an agency or the Commonwealth"). In support of its position FERPA prohibits the disclosure of education records without parental consent, the District cites the Commonwealth Court's

decision in *Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515 (Pa. Cmwlth. 2011) (in RTKL appeal, FERPA precluded the release of education records without consent), *appeal denied*, 31 A.3d 292 (Pa. 2011) (Table). *Id.* at 4. The District further argues the videotape is an education record because it depicts personally identifiable information related to the students in their educational environment. *Id.* According to the District, because FERPA provides "[n]o funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (**or personally identifiable information contained therein** . . . )[,]" and videotapes by their very nature include personally identifiable information about students, disclosure of the video risks the loss of federal funds, and it is therefore exempt from disclosure under the RTKL's Subsection 708(b)(1)(i) exception. *Id.* at 4-6, , *quoting* 20 U.S.C. §1232g(b)(1)(emphasis in original); *see also id.* at 8,11.

In support of the District's arguments in this regard, the Pennsylvania State Education Association[5] provided an *amicus curiae* brief arguing the video is a student record protected from disclosure under FERPA, noting the federal statute's primary goal is protecting student and parent privacy rights by prohibiting disclosure of student records without consent. Amicus Brief at 5, *citing* 120 CONG. REC. 39,862 (1974) (Joint Statement in Explanation of Buckley/Pell Amendment). *Amicus* draws the Court's attention to guidance and administrative decisions from the U.S. Department of Education (USDOE) relating to when a video depicting students should (and should not) be considered a protected education record under FERPA. Referring to the same USDOE guidance document as the Commonwealth Court, *Amicus* indicates the school entity may consider

---

[5] The Pennsylvania State Education Association (PSEA) is a statewide nonprofit membership organization of education professionals, "represent[ing] 181,000 members and is the parent organization of more than 1,000 local associations certified as exclusive bargaining agents of public employees under the Public Employe Relations Act[.]" *Amicus* Brief at 1.

a video maintained by the school as directly related to a student, and thus an education record, if the video is used in disciplinary action or other purposes involving the student (including the victim of a disciplinary incident), or if the video shows a student involved in an altercation. *Id.* at 6-7, *citing* UDSOE FAQs on Photos and Videos under FERPA; *id.* at 10-11, *citing Letter to Wachter* (USDOE Office of the Chief Privacy Officer, December 7, 2017) (surveillance video depicting hazing incident was education record of students who were disciplined and students who were victims). According to *Amicus*, as the video here involved some type of altercation between a teacher and a student, it is directly related to the student receiving the discipline. *Id.* at 7.

The District additionally claims an analysis must be conducted "to determine whether the right to privacy in the educational setting is outweighed by the public's interest in the release of information[,]" that the Commonwealth Court failed to conduct this balancing test, and that the balance of the interests here should weigh against public disclosure. District's Brief at 5, 12-14, *citing*, *inter alia*, *Reese v. Pennsylvanians for Union Reform,* 173 A.3d 1143, 1159 (Pa. 2017) (explaining the balancing test set forth in *Pennsylvania State Educ. Ass'n v. Commonwealth, Dep't of Cmty. & Econ. Dev.*, 148 A.3d 142 (Pa. 2016) ("*PSEA*"), "is applicable to all government disclosures of personal information").

Requester observes, under the RTKL, the District is an agency whose records are presumed public, and contends the District did not meet its burden to establish by a preponderance of the evidence that the video was exempt from disclosure under FERPA, primarily because the text of FERPA indicates funding is only withheld where an educational agency has a "policy or practice" of granting access to student information in education records, as opposed to an isolated incident pursuant to a court order granting an open record request as here. Requester's Brief at 3-5, 11, *citing* 65 P.S. §67.708(a)(1)

(agency's burden to prove record not public is preponderance of the evidence) *and* 20 U.S.C. §1232g(b) ("No funds shall be made available . . . to any educational agency or institution . . . which has a **policy or practice** of permitting the release of education records [ ] or personally identifiable information contained therein . . . .") (emphasis added). Further noting FERPA defines "education record" as records which: "(i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution[,]" Requester claims the District has established neither prong. *Id.*, *quoting* 20 U.S.C. §1232g(a)(4)(A). Similar to the Commonwealth Court, Requester relies on, *inter alia*, *Ellis*, a federal case from the Northern District of Ohio, for the proposition that the video depicts teacher misconduct and is only tangentially related to students, thus it is not "directly related to a student," and is not an education record. *Id.* at 11-12, *citing* 309 F.Supp.2d at 1022. Requester further claims the District provided no evidence to show the video was a centrally-maintained record kept by a single central custodian, which, according to requester, is required to show the record is "maintained by an education agency" pursuant to the United States Supreme Court's interpretation of "educational record." *Id.* at 8-9, *citing Owasso Independent Sch. Dist. v. Falvo*, 534 U.S. 426, 435 (2002) (peer-graded assignments not collected by teacher for grading are not "maintained" within the meaning of FERPA, and are not education records as defined by FERPA; "FERPA implies that education records are institutional records kept by a single central custodian, such as a registrar, not individual assignments handled by many student graders in their separate classrooms.").

Finally, Requester asserts the District's arguments regarding students' privacy rights are outside of the scope of the appeal. *Id.* at 12. Requester underscores it requested the video "for purposes of investigating allegations of an incident involving a teacher and an unidentified student on a school bus[, and d]isclosure of the [v]ideo is not

sought for purposes of identifying the student or any other student that was on the bus at the time." *Id.* at 16.

## III. Discussion

To the extent the relevant provisions of the RTKL are not clear and unambiguous, this Court must engage in statutory construction to resolve the dispute before us; the Statutory Construction Act, 1 Pa.C.S. §§1501-1991, guides our analysis. The Act directs that the objective of statutory construction is to ascertain and effectuate legislative intent. *Miller v. County of Centre*, 173 A.3d 1162, 1168 (Pa. 2017), *citing* 1 Pa.C.S. §1921(a). To that end, we look to the statute's plain language, which generally gives the best indication of legislative intent. *Id.* Only when the words of a statute are not explicit do we resort to other considerations in discerning the intent of the legislature. *Hearst Television, Inc. v. Norris*, 54 A.3d 23, 32 (Pa. 2012).

Under Pennsylvania's RTKL, local agencies, such as school districts, are required to provide access to public records in accordance with its provisions. 65 P.S. §67.302(a). A "public record" is defined as, *inter alia*, "[a] record . . . of . . . a local agency that[] . . . (1) is not exempt under section 708; (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or (3) is not protected by a privilege."[6] *Id.* §67.102. Under the RTKL, a record in the possession of a local agency is presumed to be a public record unless, *inter alia*, the record is exempt from disclosure under Section 708, *id.* §67.305(a)(1), or the record is exempt from disclosure under any other federal or state law or regulation, *id.* §67.305(a)(3). Importantly, the local agency has the burden of proving that a record is exempt from public access "by a preponderance

---

[6] The RTKL further defines a "record" as "[i]nformation, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency." 65 P.S. §67.102. The term includes a film recording. *Id.*

of the evidence," *id.* §67.708(a)(1), which is "tantamount to a 'more likely than not' inquiry." *Popowsky v. Pa. Public Util. Com'n*, 937 A.2d 1040, 1055 n.18 (Pa. 2007). In addition, "[c]onsistent with the RTKL's goal of promoting government transparency and its remedial nature, the exceptions to disclosure of public records must be narrowly construed." *Grove*, 161 A.3d at 892 (citations omitted).

FERPA, together with its regulations, 34 C.F.R. §§99.1-99.67, serves the dual purpose of ensuring parents and students have access to student education records, and protecting student and parent privacy by prohibiting disclosure of student records without consent. 20 U.S.C. §§1232g(a),(b). Enacted under Congress's Spending Clause authority, FERPA achieves these objectives by conditioning federal funding to educational agencies, including public school districts, upon those agencies' compliance with the rules provided therein delineating the circumstances under which the disclosure of student information is permissible. *See id.*; 34 C.F.R. §99.2; *see also* USDOE, description of Family Educational Rights and Privacy Act, accessible at https://www2.ed.gov/policy/gen/guid/fpco/ferpa/index.html (accessed April 20, 2020) ("[FERPA] is a [f]ederal law that protects the privacy of student education records. The law applies to all schools that receive funds under an applicable program of the U.S. Department of Education.").

The central aspect of the District's argument for withholding the video has been its claim disclosure of the video would result in the District's loss of federal funds pursuant to FERPA, thereby meeting the criteria for the RTKL exception found in Subsection 708(b)(1)(i). *See* 65 P.S. §67.708(b)(1)(i). The crux of the antecedent litigation has turned on whether the video constitutes an "education record" protected under FERPA, and the issue we accepted for review — whether the video is exempt from disclosure under FERPA — additionally implicates the very definition of "public record" pursuant to Section

102, as well as the RTKL's disclosure exemption for records exempt under other federal and state laws or regulations pursuant to Subsection 305(a)(3).[7] *See id.* §§102, 305(a)(3); *see also Sherry*, 20 A.3d at 524-25 (holding FERPA exempts students' personally identifiable information from disclosure to a right-to-know requester pursuant to RTKL Subsection 305(a)(3)). Furthermore, as the District contends to this Court, albeit without raising it in its letters and briefs to the tribunals below, the disclosure of the video may also implicate the constitutional privacy rights of third parties — specifically, minor school children. We address each of these arguments in turn.

## A. RTKL Subsection 708(b)(1)(i)

The exemption set forth in Subsection 708(b)(1)(i) of the RTKL provides:

> (b) Exceptions.—Except as provided in subsections (c) and (d),[8] the following are exempt from access by a requester under this act: (1) A record, the disclosure of which: (i) would result in the loss of Federal or State funds by an agency or the Commonwealth[.]

Id. § 67.708(b)(1)(i).

---

[7] While Justice Baer views our analysis of this issue as "improper," Concurring and Dissenting Opinion, slip op. at 2 (Baer, J.), we note the definition of a public record pursuant to Section 102, and the exemptions to the public presumption pursuant to Section 305, are typically foundational issues in RTKL litigation, recognized in this case by each of the tribunals below through their citations to either Section 102 or Section 305. *See In the matter of Miller*, 2017 WL 2313147, at *3, *citing* 65 P.S. §67.305 ("Records in possession of a local agency are presumed public **unless exempt under the RTKL or other law** or protected by a privilege, judicial order or decree.") (emphasis added); *Easton Area School District v. Miller and the Express Times*, No. C-48-CV-2017-5558, unpublished order at 2-3 (C.P. Northampton County filed Dec. 1, 2017) (quoting 65 P.S. §67.305(a) in its entirety; *Easton Area Sch. Dist. v. Miller*, 191 A.3d 75, 79 (Pa. Cmwlth. 2018) (quoting 65 P.S. §67.102 definition of "public record"). We do not view the lack of analysis regarding the federal law exemption by the tribunals below as a limitation on our resolution of the issue we accepted for review, which is not merely whether the District met its burden to prove the exception in Subsection 708(b)(1)(i), but more broadly whether, in the context of a request for public disclosure pursuant to the RTKL, a record is exempt pursuant to FERPA, a federal law.

[8] Subsection 708(c), relating to financial records, and Subsection 708(d), relating to aggregated data, are inapplicable to this matter.

In accordance with this provision of the RTKL, the District had the burden to prove by a preponderance of the evidence that disclosure of the requested video would result in the loss of federal funding under FERPA, as it claims. The tribunals below concluded the District did not meet this burden because it failed to demonstrate that the requested video qualified as an education record under FERPA in the first place, either because it was not related to the student's academics (as determined by the OOR and trial court) or because it was only tangentially, as opposed to directly, related to a student (as determined by the Commonwealth Court). Because the requested video did not fall within the ambit of material that, if disclosed, would subject the District to the loss of federal funding, the tribunals below ended their inquiry.

However, a conclusion that the video qualifies as an education record under FERPA does not necessarily render the video exempt from disclosure under Subsection 708(b)(1)(i) of the RTKL. Instead, to establish that the requested video is excludable under the RTKL, the plain language of Subsection 708(b)(1)(i) required the District to prove, by a preponderance of the evidence, that disclosure of the video in fact "would result in the loss of Federal . . . funds by an agency or the Commonwealth." *Id.* Thus, for the District to prove the applicability of that exemption, it had to establish all of the conditions set forth in FERPA that would result in the loss of funding to the District stemming from its disclosure of the video. For the reasons that follow, we conclude the District failed to meet this burden.

Subsection 1232g(b)(1) of FERPA provides:

> No funds shall be made available under any applicable program to any educational agency or institution which has a **policy or practice** of permitting the release of education records (or personally identifiable information contained therein other than directory information,[9] as

---

[9] Subsection 1232(g)(a)(5)(A) provides:

defined in paragraph (5) of subsection (a)) of students without the written consent of their parents to any individual, agency, or organization, other than [those listed in subsections (A)-(L), which are not at issue in the case *sub judice*].

20 U.S.C. §1232g(b)(1) (emphasis added). Subsection 1232g(b)(2) additionally provides, in relevant part:

No funds shall be made available . . . to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records . . . unless--

**(A)** there is written consent from the student's parents specifying records to be released, the reasons for such release, and to whom, and with a copy of the records to be released to the student's parents and the student if desired by the parents, or

**(B)** . . . such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency . . . .[10]

*Id.* §1232g(b)(2)(A)-(B).

Thus, pursuant to FERPA as applied with regard to the RTKL, the District must be an educational agency or institution that either currently receives, or is eligible to receive, funding through an applicable program that would be lost by the District's violation of FERPA. *See* 20 U.S.C. §1232g(b)(1) ("No funds shall be made available under any

---

the term 'directory information' relating to a student includes the following: the student's name, address, telephone listing, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the student.

20 U.S.C. §1232g(a)(5)(A).

[10] Not relevant to this appeal, excepted from Subsection 1232g(b)(2)(B) are certain records relating to disclosures for certain law enforcement purposes, and parental notice requirements where the student's parent is a party in abuse, neglect, or dependency proceedings as described therein. *See* 20 U.S.C. §1232g(b)(2)(B).

applicable program to any educational agency or institution ….”); *id.* §1232g(b)(2) (same). Additionally, the District had to establish that it has a “policy or practice” of “releasing,” “permitting the release of,” or “providing access to” protected education records or personally identifiable information contained in those records. *Id.* §1232g(b)(1)-(2). Finally, the District had to prove that this policy or practice entails the release of protected information without parental consent to unauthorized entities as specified under Subsection 1232g(b)(1), or without parental consent or in the absence of judicial order or lawfully issued subpoena under Subsection 1232g(b)(2).

### 1. Federal funding eligibility

Regarding the District's federal funding eligibility, our review of the record in this matter reveals the District has not alleged it is an educational agency or institution that currently receives or is eligible to receive funding through any applicable program that would be lost through a violation of FERPA; nor does the certified record disclose support for this requirement. As the burden is on the educational agency to prove its entitlement to an exemption set forth in Subsection 708(b)(1)(i) of the RTKL, we note such an omission may prove fatal to an agency's attempt to invoke FERPA as a basis for withholding records pursuant to a RTKL request. Here, however, where neither Requester nor any of the three tribunals below have raised or disputed the District's federal funding eligibility, and such information is readily available in the public domain,[11] we accept for purposes of this analysis that the District is eligible to receive applicable funding and is therefore subject to FERPA's requirements.

---

[11] *See, e.g.,* U.S. Dep't of Educ., *Estimated ESEA Title I LEA Allocations—FY 2018*, https://www2.ed.gov/about/overview/budget/titlei/fy18/index.html (last viewed Apr. 21, 2020) (listing federal Title I school funding grant recipients and allocations).

## 2. FERPA "policy or practice"

Nevertheless, as highlighted by the Requester in its brief to this Court, neither does anything in the record suggest the District has a "policy or practice" regarding the release of or access to information covered by FERPA — where such language necessarily denotes repeated or systematic violations of student privacy, as opposed to singular or exceptional instances — nor has the District claimed that disclosure of the single requested video at issue herein, either of its own volition or at the direction of OOR or the courts, would qualify as a "policy or practice" as contemplated by Subsections 1232g(b)(1)-(2) of FERPA. To the contrary, upon proper notice to the students' parents, the lower courts' orders would operate to excuse any confidentiality obligation of the District without consequence to its funding, consistent with Subsection 1232g(b)(2)(B)'s exception for information that is furnished pursuant to judicial order. 20 U.S.C. §1232g(b)(2)(B). Based on the foregoing, we conclude the District has not shown by a preponderance of the evidence that its disclosure of the requested video would result in the loss of federal funding rendering the video exempt under Subsection 708(b)(1)(i) of the RTKL. We emphasize that "[t]he RTKL is designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *PSEA*, 148 A.3d at 155. In furtherance of that policy, it is incumbent on OOR and the courts to require a local or government agency claiming an exemption from disclosure under Subsection 708 of the RTKL to prove the applicability of that exemption by a preponderance of the evidence. We hold the District failed to meet this burden.

## B. RTKL Section 102 and Subsection 305(a)(3)

Local agency records which are exempt from disclosure under other state or federal laws or regulations are, in turn, excluded from the RTKL's definition of "public record," and are exempt from disclosure under the RTKL. 65 P.S. §§102, 305(a)(3).

Our review of FERPA reveals the federal law provides a right to inspect education records to parents and eligible students only, and requires parental consent to release information unless certain specified conditions are present such as, *inter alia*, transfer to subsequent schools, financial aid processing, request by authorities within a juvenile justice system, research, or a judicial order or lawfully issued subpoena. *See* 20 U.S.C. §§1232g(a)(1)(A), (b)(1); 34 C.F.R. §§99.30-31. More specifically, as described in our analysis *supra*, FERPA forestalls funding to schools having "a policy or practice of releasing, or providing access to, **any personally identifiable information in education records**" other than directory information,[12] or as is permitted under the special conditions described in Section 1232g(b)(1), absent written parental consent or a court order or subpoena.[13] *See* 20 U.S.C. §1232g(b)(2) (emphasis added). As defined within FERPA's regulations, "personally identifiable information" includes "information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty[.]" 34 CFR §99.3, definition of "personally identifiable information" at (f). While different jurisdictions have

---

[12] *See supra* n.6. The Department of Education regulations further provide "[d]irectory information means information contained in an education record of a student that would not generally be considered harmful or an invasion of privacy if disclosed." 34 CFR §99.3.

[13] In the event a court order or subpoena compels release of student information, access is permitted only "upon condition that parents and the students are notified . . . in advance of the compliance therewith by the educational institution or agency." 20 U.S.C. §1232g(b)(2)(B).

interpreted the scope of "educational records" more broadly or more narrowly within the context of individual cases, the statute's text defines the term as "those records, files, documents, and other materials which-- (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. §1232g(a)(4)(A).

With specific regard to videos, which may contain the images and personally identifiable information of multiple students (as the District alleges is the case here), USDOE guidance is instructive as to whether the record is "directly related" to the students therein, and therefore an education record (so long as it is also "maintained by" the educational agency). In addition to the portion of the USDOE FAQs on Photos and Videos under FERPA cited by the Commonwealth Court (*i.e.*, noting the determination is often context-specific and thus should involve a case by case basis examination), the guidance document also explains the following factors should be considered in determining whether a photo or video is "directly related" to a student:

> The educational agency or institution uses the photo or video for disciplinary action (or other official purposes) involving the student (including the victim of any such disciplinary incident);
>
> The photo or video contains a depiction of an activity:
>
>> that resulted in an educational agency or institution's use of the photo or video for disciplinary action (or other official purposes) involving a student (or, if disciplinary action is pending or has not yet been taken, that would reasonably result in use of the photo or video for disciplinary action involving a student); . . .
>>
>> that shows a student getting injured, attacked, victimized, ill, or having a health emergency; . . . or
>
> The audio or visual content of the photo or video otherwise contains personally identifiable information contained in a student's education record.

USDOE FAQs on Photos and Videos under FERPA.

The guidance document further provides that "[a] photo or video should not be considered directly related to a student in the absence of these factors and if the student's image is incidental or captured only as part of the background, or if a student is shown participating in school activities that are open to the public and without a specific focus on any individual." *Id.* In addition, the USDOE guidance provides a list of examples of videos considered education records, specifically stating "[a] school surveillance video showing two students fighting in a hallway, used as part of a disciplinary action, is directly related to the students fighting." *Id.* Incorporating its administrative determination in *Letter to Wachter*, the guidance further indicates school surveillance video depicting an altercation, in that case a hazing incident, is an education record directly related to both the perpetrators and the victims. *Id. citing Letter to Wachter* at 4 (USDOE Office of the Chief Privacy Officer, Dec. 7, 2017). Regarding requests for access to videos depicting the images of multiple students, and providing access to such video — to the student or subject student's parent — the guidance instructs, "[i]f the educational agency or institution can reasonably redact or segregate out the portions of the video directly related to other students, without destroying the meaning of the record, then the educational agency or institution would be required to do so prior to providing the parent or eligible student with access." *Id.*

Furthermore, even in the limited set of prescribed circumstances where education records may be disclosed without consent, FERPA provides, "personal information shall only be transferred to a third party on the condition that such party will not permit any other party to have access to such information without the written consent of the parents of the student" and, in the case of organizations conducting research, information

containing personal identification of students or parents must be destroyed following its use. *Id.* at §§1232g(b)(4)(B), (b)(1)(F). However, and importantly, notwithstanding all of these conditions, FERPA regulations do allow schools to release education records or information without consent when the records have been "de-identified," that is, when all personally identifiable information has been removed. 34 C.F.R. §99.31(b)(1) ("An educational agency . . . may release the records or information without the consent required by §99.30 [requiring consent for disclosure of personally identifiable information from student's education records] after the removal of all personally identifiable information provided that the educational agency or institution or other party has made a reasonable determination that a student's identity is not personally identifiable . . . .").

Here, to avail itself of an exemption from disclosure under RTKL Subsection 305(a)(3), the District had the burden of proving the school bus surveillance video was exempt from disclosure to a public record requester under FERPA, which requires a context-specific (*i.e.*, fact-sensitive) assessment constrained by competing obligations to maintain student confidentiality alongside public transparency, notwithstanding its own interests.

Undisputedly, the video here "reflect[s] an interaction between [a teacher] and a student" which became the subject of an investigation, and which was included in an inquiry regarding potential discipline for the teacher. *See* Attestation of John Castrovinci, 4/18/2017, at ¶¶4-7. Furthermore, the videographic images of students on a school bus would allow a reasonable person in the school community viewing the video to identify the students with reasonable certainty; thus, the video contains personally identifiable information regarding each of the school students visible therein. *See* 34 CFR §99.3.

In light of the USDOE guidance, we reject the notion espoused by the Commonwealth Court that such a recorded interaction involving a teacher's conduct directly relates solely to the teacher, and is only "tangentially related" to the student. As the student is the subject of some interaction with a teacher that warranted preservation of the video for an official purpose, whether the student is receiving discipline, or is the victim of some misconduct, or is one party in an innocuous interaction that was nevertheless part of an official inquiry, the video is as "directly related" to the student as much as it is related to the teacher. The video recording, then, which is generated and possessed by the school and depicts a school student on a school bus interacting with a school teacher in the presence of other students, is a record both maintained by the school and directly related to, at the very least, the student who is the subject of the interaction, and is therefore an education record of that student within the meaning of FERPA.[14]

However, as is clear from the regulations promulgated pursuant to FERPA, even an education record ordinarily protected from disclosure to all but an eligible student or her parent may be disclosed without consent if the student's personally identifiable information has been removed. *See* 34 C.F.R. §99.31(b)(1). And, as USDOE guidance further suggests, where a FERPA-governed educational agency must provide access to an education record containing other students' images, a FERPA-compliant school is

---

[14] As the District does not dispute that it maintains the video — and, in any event, it is difficult to fathom how the District would furnish disclosure of a record it did not maintain — we decline to engage Requester's argument the video is not a record "maintained by" the District.

required to redact those portions of the video relating to the other students. *See* USDOE FAQs on Photos and Videos under FERPA.

Accordingly, a FERPA-compliant educational institution must not release the students' personally identifiable information — that is, the **students' images on the video** to the extent the students are reasonably identifiable — to anyone other than the parent or eligible student, absent one of the conditions listed under FERPA §1232g(b)(1) (which do not include release of information to the press or a to public records requester), without proper consent, or a judicial order or subpoena. Yet, that same institution may release the video, despite its status as an education record, once the students' identifiable images have been redacted. We therefore conclude: the students' images in the bus surveillance video are exempt from disclosure under FERPA and its regulations, and are thereby excluded from the RTKL's disclosure requirements pertaining to public records; however, insofar as the students' images can be redacted to remove their personally identifiably information, the video itself is not exempt, and it therefore must be disclosed. *See* 65 P.S. §§67.102, 67.305(a)(3).

Furthermore, the RTKL specifically provides, where a record contains information which is subject to access along with information which is not subject to access and the two cannot be physically separated, "the agency shall redact from the record the information which is not subject to access, and the response shall grant access to the information which is subject to access." 65 P.S. §67.706. Thus, insofar as the video itself is a public record subject to disclosure under the RTKL but contains the images of school students which are not subject to disclosure, which, in our view, it is and does, the District is obligated to redact students' images by, for example, blurring or darkening portions of

the video revealing the students' identities, and to subsequently provide access to the redacted video.[15]

## C. Students' Interests

The overlooked yet implausible ramification of the Commonwealth Court's decision below is its potential to subject any school surveillance to disclosure, without parental consent, to any resident of the Commonwealth who makes a request pursuant to the RTKL. In the case of a school bus surveillance video, such a disclosure could reveal the identity of minor students; their clothing, behaviors, or disabilities; the specific bus they take; and the geographical location where they exit the bus. In addition to obvious safety concerns, such a disclosure also necessarily implicates the students' right to informational privacy — that is, "the right of the individual to control access to, or the dissemination of, personal information about himself or herself" — which this Court has explicitly held must be considered and balanced against the public interest when individuals who are not themselves a party to the request for access appear in the content of records subject to public disclosure under the RTKL. *PSEA*, 148 A.3d at 150, 158 (holding the right to informational privacy is guaranteed by the Pennsylvania Constitution, and may not be violated unless outweighed by a public interest favoring disclosure); *Reese v. Pennsylvanians for Union Reform*, 173 A.3d 1143, 1159 (Pa. 2017) (same; directing agency possessing public record to conduct *PSEA* balancing test prior to disclosure of any personal information); *City of Harrisburg v. Prince*, 219 A.3d 602, 618-19 (Pa. 2019) (donors listed in public financial record, who had not been notified of right to object to disclosure of their personal information during pendency of litigation, must be afforded

---

[15] We do not suggest the District is obligated to finance such redaction, which responsibility may fall either to the District or to the Requester depending upon other laws, policies, or legal directives that are not before the Court in the present appeal.

notice and opportunity to be heard, and agency disclosing record must perform balancing test prior to disclosure).

Requester urges us not to address the students' privacy interests, asserting the District's argument the Commonwealth Court erred by not conducting a balancing test is beyond the scope of the question accepted for review. Had the District been the party whose privacy rights were allegedly violated, we would indeed be constrained to apply principles of waiver on this point. However, the present factual scenario, in which the privacy rights of third party individuals are implicated in RTKL requests, but no party to the RTKL litigation bears the responsibility to advocate for them, leaves legitimate privacy rights insufficiently protected.

This circumstance is not unique to this case. In *PSEA*, we observed in detail the significant administrative hurdles and extensive litigation history — including three appeals to this Court — faced by third-party public school employees who simply raised a claim for some form of redress from an OOR decision allowing public disclosure of a school district record containing their home addresses.[16] 148 A.3d at 144-48. Here, though the OOR directed the District to notify any third parties of their ability to participate in the appeal pursuant to RTKL Subsection 1101(c), *see In the matter of Miller*, 2017 WL 2313147, at *1, there is no indication in the record that such notice was provided or attempted, or that any student or student's parent otherwise had knowledge of the record request and ensuing appeal. *See* 65 P.S. §67.1101(c) (third party with direct interest in the record subject to an appeal may request to appear or provide information to appeals

_____

[16] It is surely worth noting, while the public school employees in *PSEA* and its preceding cases were ultimately afforded access to the courts and granted constitutional protection for their home address information, their interests were advanced collectively by their union; obviously, not all third parties implicated by right-to-know requests will have such resources at their disposal to protect their constitutional informational privacy interests when an agency advancing its own interests fails to do so.

officer prior to hearing and entry of order). Furthermore, while other avenues likely exist that might also serve to protect students' sensitive information — such as other RTKL exceptions,[17] or requests for guidance from the USDOE's Family Policy Compliance Office and/or Student Privacy Policy Office — here, the District's misplaced focus on Subsection 708(b)(1)(i) serves to emphasize and underscore how the District's necessarily self-interested advocacy might fail to adequately advance the discrete rights of students.

The informational privacy rights of public school students and their parents — who are not afforded a choice about whether children go to school, how they travel there, or whether they are subject to videotaping by the school — are particularly and palpably vulnerable to violation both in the present case and within the context of right-to-know requests in general. For this reason, we have addressed the students' informational privacy interests pursuant to *PSEA*.

As indicated *supra*, in *PSEA*, this Court examined Pennsylvania's constitutional protections for informational privacy and reaffirmed that the citizens of the Commonwealth, pursuant to Article I, Section 1 of the Pennsylvania Constitution, have a right to informational privacy — *i.e.*, to control access to and dissemination of their personal information. *PSEA*, 148 A.3d at 150. Third parties whose personal information is contained within a public record must be afforded notice and an opportunity to be heard in a record request proceeding. *Prince*, 219 A.3d at 619. Before the government may release personal information, it must conduct a balancing test to determine whether the

---

[17] *See, e.g.*, 65 P.S. §§67.708(b)(15)(i) (preventing disclosure of academic transcripts); 67.708(b)(30) (preventing disclosure of certain identifying information concerning minors); 67.708(b)(5) (protecting records of disability status and medical and psychological records, including evaluations and treatment); 67.708(b)(28) (protecting records related to the receipt of social services).

right of informational privacy outweighs the public's interest in dissemination. *PSEA*, 148 A.3d at 144. It is the obligation of the agency disseminating the requested record to perform the balancing test, unless legislative pronouncements or prior decisions of Pennsylvania courts have already done so. *Reese*, 173 A.3d at 1159; *Prince*, 219 A.3d at 619. Pursuant to a *PSEA* balancing test, constitutional considerations may necessitate redaction of personal information not otherwise permissible under the RTKL. *Reese*, 173 A.3d at 1159.

Accordingly, though we have established the video itself is a public record subject to disclosure, it remains the obligation of the District to balance the students' and their parents' interests in controlling access to and dissemination of the children's images in the video against the public's interest in dissemination of those images, and to redact the video as necessary to protect those informational privacy interests. Because Requester here expressly disclaims any public interest in disclosure of the identities of the students depicted in the video,[18] the District need not weigh any further; it can effectuate access to the requested record without violating the children's informational privacy rights by redacting their images in the video.

Lastly, we note this constitutional balancing test is a common law principle and not a statutory requirement, but is frequently implicated within RTKL record requests and litigation. As discussed *supra*, subsequent to *PSEA*, the agency responsible for disseminating a public record should perform the balancing test, though the test may also be subsumed within a legislative pronouncement or decision of court. *See, e.g.*, *Prince*, 219 A.3d at 619. As is evident from a review of *Reese*, *Prince*, and the present case, there appears to remain some confusion regarding how and when such balancing should occur, who must be notified of a right to object to disclosure of personal information, and

---

[18] *See* Letter of Rudy Miller to the OOR dated 4/4/2017; Requester's Brief at 16.

under what circumstances courts should perform a balancing test in the absence of one taking place below. *See also, e.g.*, District's Brief at 5, 12-14 (arguing Commonwealth Court erred by not performing balancing test); *Governor's Office of Admin. v. Campbell*, 202 A.3d 890, 893-94 (Pa. Cmwlth. 2019) (*en banc*) (presuming authority to perform *PSEA* balancing test on appeal rather than remand in interest of judicial economy). Ideally, when third parties' informational privacy interests are implicated by record requests, the agency will have received all relevant information from interested parties and performed such balancing as necessary on its initial review. Yet, until such processes are clearly established, it appears likely that third parties' informational privacy rights will remain merely incidental to right-to-know litigation, and protected only insofar as they are adequately raised by the agency or identified and addressed by the courts. We recognize the establishment of such procedures is a task within the legislative bailiwick, and we therefore urge the General Assembly to undertake a review of the RTKL's procedural provisions and related policy and protocols, in order to adopt such additional procedures as are necessary to ensure the protection of the constitutional informational privacy rights of third parties — in particular, those rights of public school students — when they are implicated by right-to-know requests.[19]

---

[19] It bears repeating, we have previously issued such entreaties to the General Assembly regarding confusing elements of the RTKL in need of clarification, particularly with regard to third party notice and opportunity to be heard. *See, e.g.*, *PSEA*, 148 A.3d at 159-60 (noting "the breadth of the disclosure anticipated by the RTKL and the public's demonstrated appetite for information from and about the government[;]" "we reiterate to the OOR, and to the General Assembly, our . . . concerns regarding the disjointed and scant procedural protections at both the request and appeal stages of the RTKL."); *Prince*, 219 A.3d at 619 n.22 ("Despite our repeated alerts to these due process deficiencies, neither the General Assembly nor the OOR has implemented improved procedural protections for individuals whose personal information may be subject to disclosure in violation of their constitutional right to privacy."). *See also, e.g.*, *Bowling v. Office of Open Records*, 75 A.3d 453, 478, 480 (Pa. 2013) (Castille, C.J., dissenting) ("In my tenure on the Court, it is difficult to recall a statute that has so quickly generated so much litigation

## IV. Conclusion

For the foregoing reasons, we conclude the District did not demonstrate it would lose federal funding as a result of disclosing the video, and therefore, under the present circumstances, we hold the District may not avail itself of the exception to disclosure found in RTKL Subsection 708(b)(1)(i). We further hold the video itself is a public record subject to disclosure, but the images the video contains depicting the personally identifiable information of students are exempt from public disclosure pursuant to FERPA, and therefore also exempt from public disclosure under RTKL Subsection 305(a)(3). Accordingly, the Order of the Commonwealth Court is affirmed, with instructions to the District to redact the students' images prior to disclosure.

Justices Todd and Donohue join the opinion.

Justices Baer and Wecht join Part III(A)(2), and join the mandate to the extent it requires disclosure of the subject video, albeit they would favor disclosure in an unredacted form.

Chief Justice Saylor and Justice Mundy join Part III(B) to the extent it determines the subject video was an educational record, and join the mandate to the extent it precludes disclosure of information that could reveal the identities of the students in the video.

Chief Justice Saylor files a concurring and dissenting opinion in which Justice Mundy joins.

Justice Baer files a concurring and dissenting opinion in which Justice Wecht joins.

---

involving seemingly overlooked foundational matters. . . . What is plain beyond question is that the statute is in need of significant revision and refinement.").